UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THE PLAZA LLC, a Florida Limited Liability Company, | ) ) | Case No. 6:09-bk-04661-KSJ Chapter 11 |
| | ) | |
| Debtor. | ) ) | |
| | | |
| PLAZA SOUTH TOWER COMMERCIAL CONDOMINIUM ASSOCIATION, INC., | ) ) ) | Adversary No. 6:10-ap-236 |
| Plaintiff, | ) | |
| vs. | ) ) | |
| THE PLAZA LLC, a Florida Limited Liability Company, PLAZA TEN, LLC, CAMERON KUHN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION DENYING
DEFENDANT'S AMENDED MOTION FOR ABSTENTION

In this adversary proceeding, the plaintiff, Plaza South Tower Commercial Condominium Association, Inc. ("Plaza South"), asserts in Count I that, pursuant to § 1144 of the Bankruptcy Code,[1] the Court should revoke the confirmation order[2] and vacate a later order[3] modifying the confirmation order because the debtor and the other defendants—Plaza Ten LLC, a corporation formed to purchase office condominium units in the debtor's project, and the debtor's principal, Cameron Kuhn—made material misrepresentations to induce Plaza South to support the plan and the later sale. In Counts II-VI, Plaza South seeks damages, declaratory, and injunctive relief under various, largely state law, causes of action.

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.
[2] Doc. No. 176 in 6:09-bk-04661-KSJ.
[3] Doc. No. 196 in 6:09-bk-04661-KSJ.

The non-debtor defendants suggest that this Court should abstain from resolving this dispute relying on 28 U.S.C. § 1334(c)(1), which provides that a federal court can exercise its discretion to abstain "in the interest of justice, or in the interest of comity with State Courts or respect for State law."[4]  Relevant factors include:  (1) the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; (7) whether a separate state law case is pending; (8) whether the issues are core proceedings or are directly related to the debtor's reorganization; and (9) the prejudice to the defendants.[5]  Courts have discretion to determine the relative weight afforded each factor.[6]  South Plaza opposes the abstention.[7]

In analyzing these factors, the Court concludes that abstention *at this time* is not appropriate.  At least as to Count I of the complaint, Plaza South seeks the revocation or vacation of orders entered by this Court.  Because this Court originally entered these orders and has handled this Chapter 11 case since its inception, it is appropriate that this Court consider whether the orders can or should be revoked or vacated.  The non-debtor defendants argue that such revocation is no longer an option because the debtor has substantially consummated the confirmed plan of reorganization.  The defendants indeed may be correct on this point but that is for this Court, not another, to decide.

The movants next argue that abstention is appropriate because the complaint raises largely state law claims.  The Court agrees that Counts II – VI do appear to raise largely state law

---

[4] Doc. No. 20.

[5] *Eastport Associates v. City of Lost Angeles (In Re Eastport Associates*), 935 F.2d 1071, 1075-76 (9th Cir. 1991); *In re Phoenix Diversified Inv. Corp.*, --- B.R. ---, 2010 WL 4483361 at *11-12 (Bankr. S.D. Fla. 2010); *E.S. Bankest v. United Beverage Florida (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002); *Mid-Atlantic Handling System, LLC v. Mitsubishi Caterpillar Forklift Am. Inc*., 304 B.R. 111, 126 (Bankr. N.J. 2003); *In re Strano*, 248 B.R. 493, 504 (Bankr. D.N.J. 2000).

[6] *In re Phoenix Diversified Inv. Corp*, 2010 WL 4483361 at *12.

[7] Doc. No. 27.

claims involving disputes between the owner of an office condominium and its condominium association. However, again, because Count I challenges the very validity of the non-debtor defendants to even own the underlying condominiums, the core dispute is whether the confirmation order (as modified) is enforceable or subject to revocation. The other issues raised in this adversary proceeding and in the recent lawsuit brought by the non-debtor defendants in Florida state court[8] are subordinate.

As such, *as to Count I,* the Court finds that it is more efficient for this Court to address the viability of the orders entered by this Court. No state or comity law issues predominate. The issue is integral to the conclusion of the debtor's reorganization. No right to a jury trial exists, and all defendants were intimately involved in the pending Chapter 11 cases and are not prejudiced by their inclusion in this adversary proceeding.

However, as to the other counts, the Court would find virtually the reverse. If the confirmation order survives, the remaining issues regarding damages and injunctive relief absolutely raise issues of Florida state law which a state court is better able to address. Assuming the sale of the disputed units to Plaza Ten, LLC ultimately is deemed valid, the parties then can and should go to the Florida state courts to address those state law issues that arise between condominium owners and applicable condominium associations. The debtor's bankruptcy case will conclude, and the state court is better equipped to address these disputes that involve absolutely no bankruptcy issues. Before these issues can proceed to state court, however, this Court first must determine whether to revoke the confirmation order.

Accordingly, the Court will enter a separate order denying the defendants' amended motion to abstain.[9] The Court will direct the plaintiff, as suggested in paragraph 45 of its response,[10] to file an amended complaint, on or before **December 31, 2010**, which limits the

---

[8] *Kuhn Plaza Rental Pool, LLC, et al. v. The Plaza South Tower Commercial Condominium Assn., Inc., et al.*, Case No. 2010-CA-023867.
[9] Doc. No. 20.
[10] Doc. No. 27.

relief sought only to that asserted in Count I or otherwise raising core, federal claims. If the amended complaint is timely filed, the defendants are directed to respond on or before **January 21, 2011**. Because an amended complaint is requested, the defendants' motion for judgment on the pleadings[11] is moot and denied without prejudice. A pre-trial conference is set at **10:00 a.m. on February 24, 2011**, to consider any timely filed motions and matters including Plaza South's Motion to Shorten Discovery Time.[12]

DONE AND ORDERED in Orlando, Florida, on December 6, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff: Plaza South Tower Commercial Condominium Association, Inc., c/o Anthony & Parners, LLC, Attn: John Anthony, Esq., 201 N. Franklin Street, Suite 2400, Tampa, FL 33602

Plaintiff's Attorney: Cheryl Thompson, Anthony & Partners, LLC, 201 N. Franklin Street, Suite 2400, Tampa, FL 33602

Pro Se Defendant: The Plaza LLC, 189 S. Orange Avenue, Suite 920, Orlando, FL 32801

Defendant: Plaza Ten, LLC, c/o Jon C. Chipps, Reg. Agent, 5291 Shoreline Circle, Sanford, FL 32771

Defendant: Cameron Kuhn, 189 S. Orange Avenue, Suite 920, Orlando, FL 32801

Defendants' Attorney: Frederick S. Wermuth, King Blackwell Downs & Zehnder, PA, 25 E. Pine Street, Orlando, FL 32801

---

[11] Doc. No. 26.
[12] Doc. No. 21.